IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3020-M-RJ

DANIEL B. PARSONS,

        Plaintiff,

v.

TODD ISHEE, at al.,

        Defendants.

ORDER

This matter comes before the court on plaintiff's motions for temporary restraining order ("TRO") [D.E. 42], for preliminary injunction [D.E. 43], to submit evidence [D.E. 60, 63], and to appoint counsel [D.E. 63]. Plaintiff also appears to seek to file a Prison Rape Elimination Act ("PREA") complaint against prison staff [D.E. 42].

The court first addresses plaintiff's motion to appoint counsel. As the court has previously informed plaintiff, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here,

plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion is denied.

The court next considers plaintiff's motions to submit evidence. The proper time to submit evidence for consideration by this court is in support or defense of a motion for summary judgment. Where the court has yet to enter a scheduling order in this matter, plaintiff's motions to admit evidence is denied at this time.

The court now addresses plaintiff's motions for TRO and preliminary injunction. Plaintiff seeks an order directing prison officials to stop harassing her, allow her to shower at her allotted time, and perform sex reassignment surgery. (Mot. TRO [D.E. 42]; Mot. Prelim. Inj. [D.E. 43]). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff has not demonstrated a likelihood that she will succeed on the merits of her underlying complaint. Nor has she established that an injunction is in the public interest. See

Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Further, plaintiff cannot obtain injunctive relief on issues that are unrelated to the claims in his complaint. See Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (explaining "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"). Accordingly, plaintiff's requests are denied.

To the extent plaintiff seeks to file a PREA complaint against prison officials, "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." De'Lonta v. Clarke, No. 7:11-cv-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (collecting cases), aff'd sub nom. De'Lonta v. Pruitt, 548 F. App'x 938 (4th Cir. 2013). Accordingly, any such complaint is denied.

For the reasons stated above, plaintiff's motions for TRO [D.E. 42], for preliminary injunction [D.E. 43], to submit evidence [D.E. 60, 63], and to appoint counsel [D.E. 63] are DENIED. To the extent plaintiff seeks to file a PREA complaint against prison staff, such a request is also DENIED.

SO ORDERED, this the 18th day of March, 2025.

RICHARD E. MYERS II
Chief United States District Judge