IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3020-M-RJ

| | |
|---|---|
| DANIEL B. PARSONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER |
| TODD ISHEE, et al., | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on plaintiff's motions to deny extension of time and for relief [D.E. 64], to compel defendants to grant relief [D.E. 67], for preliminary injunction [D.E. 70, 77, 79], to submit evidence and for lawyer [D.E. 71], to submit evidence and for counsel [D.E. 72], to submit evidence and to compel [D.E. 73], for protection, counsel, and to submit evidence [D.E. 74], to submit evidence and for docket sheet [D.E. 75], for summary judgment and to submit evidence [D.E. 76]. Also before the court are defendants' motions for extension of time [D.E. 65, 80].

A. Motions for Appointment of Counsel [D.E. 71, 72, 74]

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d

264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

Here, plaintiff has demonstrated through his filings that he is capable of proceeding pro se, and his claims are not so complex to warrant appointing counsel at this stage of the proceedings.

B.  Motions to Submit Evidence [D.E. 71, 72, 73, 74, 75, 76] and for Summary Judgment [D.E. 76]

Plaintiff seeks to submit numerous pieces of evidence to the court, and plaintiff's motion for summary judgment merely states "motion for summary judgment." [See D.E. 76]. Where plaintiff submitted such motions prior to the entry of a scheduling order, the motions are denied as premature. Plaintiff is further reminded that such evidence in properly submitted in support of a motion for summary judgment.

C.  Motions for Relief [D.E. 64, 67], for Preliminary Injunction [D.E. 70, 77, 79], to Compel [D.E. 73], and for Protection [D.E. 74]

Where defendant requests preliminary relief such as gender reassignment surgery and protection from other inmates, the court construes these motions as motions for preliminary injunctions. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010).

Plaintiff lacks a constitutional right to a specific custody classification. See O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991). Furthermore, plaintiff has not demonstrated a likelihood of success on the merits of the underlying complaint. Nor has Plaintiff established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's requests are denied.

D. Motions for Extension of Time [D.E. 65, 80], to Deny Extension of Time [D.E. 64], and for Docket Sheet [D.E. 75]

Regarding defendants' motions for extension of time to answer or otherwise respond to the complaint, the court finds plaintiff is not prejudiced by the extension, and for good cause shown, the motions are granted. Defendants' answers are deemed timely filed. Plaintiff's motion to deny the extension is denied. However, plaintiff's motion for a copy of the docket sheet is granted.

3

CONCLUSION

Based on the foregoing, plaintiff's motions to deny extension of time and for relief [D.E. 64], to compel defendants to grant relief [D.E. 67], for preliminary injunction [D.E. 70, 77, 79], to submit evidence and for lawyer [D.E. 71], to submit evidence and for counsel [D.E. 72], to submit evidence and to compel [D.E. 73], for protection, counsel, and to submit evidence [D.E. 74], and for summary judgment and to submit evidence [D.E. 76] are DENIED. Defendants' motions for extension of time [D.E. 65, 80] are GRANTED. Plaintiff's motion to submit evidence and for docket sheet [D.E. 75] is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion is granted to the extent the clerk is DIRECTED to send plaintiff a copy of the docket sheet. The motion is otherwise denied. Lastly, the clerk is DIRECTED to maintain docket entry 72 as a proposed sealed document. See Local Civ. R. 79.2(b)(3).

SO ORDERED this 30th day of September, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge