IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3020-M-RJ

| | | |
|---|---|---|
| DANIEL B. PARSONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TODD ISHEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motions for summary judgment [D.E. 147] pursuant to Federal Rule of Civil Procedure 56 and to exceed page limit [D.E. 151]. Also before the court is plaintiff's motion for summary judgment [D.E. 154]. For the reasons discussed below, defendants' motions are granted, and plaintiff's is denied.

PROCEDURAL HISTORY

On January 19, 2023, plaintiff, a state inmate, filed the instant action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, and Article I, Section 27 of the North Carolina Constitution. Plaintiff alleged defendants violated her Eighth Amendment rights under the United States Constitution when they were deliberately indifferent to her serious medical needs by denying her gender affirming care. (June 5, 2024, Ord. [D.E. 33] at 8)). She further alleged defendants failed to make proper accommodations for her gender dysphoria. (Id.). On June 5, 2024, the court conducted a frivolity review of the complaint and allowed the action to proceed.

Case 5:23-ct-03020-M-RJ    Document 157    Filed 03/24/26    Page 1 of 5

After an extended discovery and motions period, on December 15, 2025, defendants filed the instant motions for summary judgment and to exceed page limit. Defendants argue that the undisputed evidence shows they were not deliberately indifferent towards plaintiff's serious medical needs or conditions of confinement, and are entitled to qualified immunity. Defendants further argue plaintiff's ADA and Rehabilitation Act claims fail because undisputed evidence demonstrates plaintiff was not denied reasonable accommodations and there was no discriminatory conduct by defendants. Lastly, they assert plaintiff's state constitutional claims are barred where federal remedies exist.

In support, defendants filed a memorandum in support, a statement of material facts, and an appendix of exhibits consisting of the following: (1) declaration of counsel; (2) plaintiff's publicly available incarceration summary; (3) plaintiff's interstate transfer packets; (4) plaintiff's publicly available infraction summary; (5) plaintiff's external movement screen; (6) Transgender Accommodation Review Committee ("TARC") reports; (7) plaintiff's utilization review summary; (8) medical records; (9) grievance procedure documents; (10) plaintiff's November 2, 2022, Prison Rape Elimination Act ("PREA") investigation report; (11) declarations of defendants Louis Peiper,[1] Aurther Campbell, Abhay Agarwal, Josh Panter, and Sarah Cobb; and (12) declaration of Associate Warden Sauls.

That same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified plaintiff about the motion for summary judgment, instructions for responding, consequences of failing to respond, and response deadline. Plaintiff did not respond within the

---

[1] Defendants indicate defendant Dr. Johnathan Peiper is in fact Dr. Louis Peiper. Accordingly, the court will direct the clerk to correct the defendant's name on the docket.

2

deadline. However, two months after the dispositive motions deadline, plaintiff filed an untimely motion for summary judgment on February 18, 2026. As plaintiff's motion was untimely, the court construes plaintiff's motion as a response in opposition to defendants' motion for summary judgment. The document is unverified, and in its entirety reads, "Your Honor, I move for summary judgment." [D.E. 154].

DISCUSSION

A.     Motion to Exceed Page Limit

Defendants moved the court for permission to exceed the page limit for their motion for summary judgment. For good cause shown, the motion is granted.

B.     Motions for Summary Judgment

    1.     Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at

3

249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2.    Analysis

Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Mem. [D.E. 148] at 3–32). Thus, the burden shifts to plaintiff, and she "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Because plaintiff's response to the motion does not identify evidence establishing a genuine dispute of material fact [see D.E. 145], and neither her response nor complaint [D.E. 1, 145] are verified, she has failed to meet this burden. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment). As noted above, plaintiff's motion for summary judgment merely states, "Your Honor, I move for summary judgment." [D.E. 154]. Accordingly, plaintiff has not established a triable issue of fact and defendants are entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

## CONCLUSION

For the reasons discussed above, the court GRANTS defendants' motions for summary judgment [D.E. 147] and to exceed page limit [D.E. 151]. Plaintiff's motion for summary

4

judgment [D.E. 154] is DENIED.  The clerk is DIRECTED to correct defendant "Dr. Jonathan

Peiper" to "Dr. Louis Peiper" on the docket, and to close this case.

SO ORDERED, this the 24Th day of _____March_____, 2026.

RICHARD E. MYERS, II
Chief United States District Judge

5